UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 14-10089-RWZ

UNITED STATES OF AMERICA

v.

YGOA ALMONTE-BAEZ

MEMORANDUM OF DECISION

December 1, 2014

ZOBEL, D.J.

Defendant seeks to exclude evidence derived directly and indirectly from a warrantless search of an apartment at 24 Cedar Street in Lawrence, Massachusetts. For purposes of this motion, the court assumes without deciding that the defendant has standing to raise a Fourth Amendment challenge to the search.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches. U.S. Const. Amend. IV. Courts must suppress evidence obtained in violation of this prohibition under the prudential "exclusionary rule." Davis v. United States, —— U.S. ——, 131 S. Ct. 2419, 2427 (2011). It is undisputed that the police did not obtain a warrant prior to entering 24 Cedar Street. As a result, the evidence obtained from that entry is subject to suppression if the agents' conduct does not fall within an exception to the exclusionary rule.

"It is well established that 'exigent circumstances,' including the need to prevent the destruction of evidence, permit police officers to conduct an otherwise impermissible search without first obtaining a warrant." Kentucky v. King, 131 S. Ct. 1849, 1853-54 (2011). Though exigencies manufactured by the police do not satisfy that exception, the Supreme Court has ruled in similar circumstances to those at bar that the police knocking on a door and announcing their presence does not amount to impermissibly creating an exigency. See King, 131 S. Ct. at 1862.

What remains for decision is whether the circumstances here gave rise to a constitutionally sufficient exigency, "asking only whether 'the circumstances, viewed objectively, justif[ied] the action.'" King, 131 S. Ct. at 1859 (quoting Brigham City, Utah v. Stuart, 547 U.S. 398, 404 (2006)). At the time of entry, the police had just seized $372,645 in cash during the arrest of Mr. Medina-Lopez, a known narcotics courier and dealer. The police went to the apartment where they believed Mr. Medina-Lopez had retrieved the money and knocked on the door. Someone inside asked who it was, and the police identified themselves. At that point the police heard their interlocutor running away from the door.

Given that Medina-Lopez was the renter of 24 Cedar Street according to the property's landlord, and that he, known to be a drug dealer, had just been captured with hundreds of thousands of dollars in cash blocks away from the apartment, it was objectively reasonable for the police to believe there were drugs in the apartment. The sound of feet running away from the door when police identified themselves to the occupant of that apartment gives rise to "a reasonable fear that [the person running

2

away] would destroy drug evidence unless the person's premises are secured." United States v. St. Pierre, 488 F.3d 76, 79 (1st Cir. 2007). These circumstances constituted an exigency obviating the need for a warrant to enter and secure 24 Cedar Street. Id. Upon securing defendant and the apartment, police performed a protective sweep of the apartment, during which they saw drugs and drug processing tools in plain sight and arrested defendant.

**Conclusion**

Defendant's Motion to Suppress (Docket # 38) is DENIED.

|   December 1, 2014   |   /s/Rya W. Zobel   |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |